OPINION
This is an accelerated calendar case submitted on the briefs of the parties. Appellant, Robert Hosler, appeals the judgment of the Trumbull County Court of Common Pleas, rendering a verdict in favor of appellee, Sherry Porter, the administratrix of the estate of Lydia Hosler, following a bench trial by way of written trial briefs in an action for the partition of certain real estate.[1]
The following facts are relevant to this appeal. Appellant and Lydia Hosler ("Hosler") were married on June 1, 1951. During the course of the marriage, appellant and Hosler purchased certain real estate located in Newton Falls, Ohio, to which ownership is now in dispute. Although the warranty deed to this property did not contain any survivorship rights language, appellant and Hosler were both named as grantees without specification as to any proportion of the parties' interests. Furthermore, appellant and Hosler executed a mortgage deed secured by this property in the amount of $13,500.
After fourteen years of marriage, appellant and Hosler were granted a divorce in April 1965. A separation agreement, which was incorporated into the divorce decree, made reference to the real estate in dispute. It stated in relevant part:
 "That the said real estate located at 437 LaMae Avenue, Newton Falls, Ohio, will remain in both parties [appellant and Hosler] until such time as said LYDIA HOSLER shall decide to sell or dispose of it. That the payments presently due and owing MORTGAGE SERVICE CORPORATION shall be borne equally by LYDIA HOSLER and ROBERT HOSLER and upon sale or disposal of said real estate any and all profits realized from said sales shall be divided equally between LYDIA HOSLER and ROBERT HOSLER." (Emphasis added.)
 Thus, pursuant to both the warranty deed and the separation agreement, appellant and Hosler were considered to be equal titleholders of the property. However, the separation agreement also required them to share the subsequent mortgage payment obligation. As the record in this matter indicates, appellant did not fulfill this financial obligation. Rather, Hosler made the mortgage payments and all other payments after the divorce.
Upon Hosler's death in 1997, her interest in the real estate became an asset of her estate. Sherry Porter, the daughter of appellant and Hosler, was appointed administratrix of the estate.
Thereafter, on February 11, 1998, appellant filed an action for partition or sale of the disputed real estate, claiming a one-half interest in the property. Appellee contested this matter on the basis that appellant forfeited his interest in the property when he failed to make any mortgage payments as required by the separation agreement.
After denying both appellant's and appellees' requests for summary judgment on the basis that there remained genuine issues of materialfact, this matter came on for a trial to the court by way of written trial briefs submitted by the parties. Upon consideration, the trial court granted a verdict in favor of appellee without explanation. In doing so, the trial court presumably found that appellant had no interest in the disputed property. This decision was reflected in a judgment entry dated September 8, 2000.
From this judgment appellant appeals, asserting a single assignment of error for our consideration:
 "The trial court erred when it found that plaintiff-appellant Robert Hosler had no legal interest in a particular piece of real estate, as such decision was against the manifest weight of the evidence."
 Before we may consider the merits of this appeal, we must address a preliminary matter. The irregularity of the proceedings below is troubling, to-wit: filing written trial briefs in lieu of a bench trial. While summary judgment was denied in this matter, appellee posits in her answer appellate brief that trial briefs were submitted "as the material facts were undisputed."
"It has long been the practice in Ohio * * * for counsel mutually to agree upon a state of facts, to reduce the agreement to writing, signit, and file it in the case * * *. Such a agreed statement should beclear and accurate, and as concise as the nature of the case will admit." (Footnotes omitted and Emphasis added.) 89 Ohio Jurisprudence 3d (1989) 118, Trial, Section 81.
In the instant matter, a review of the September 8, 2000 judgment entry indicates that the trial briefs "included certain stipulations of facts * * *." However, the record fails to reflect that the parties actually filed agreed stipulations of facts with the trial court. Despite this fact, the court, presumably, relied on these phantom stipulations in rendering its determination.[2] However, as a reviewing court, we are unwilling to speculate as to what these alleged stipulations contained or how this influenced the trial court's determination.
Consequently, because the trial court relied on certain stipulations of fact that were not reflected in the record, this matter cannot be properly reviewed for purposes of appeal. As such, we must remand this matter for further proceedings.
We would note that at this particular juncture, there is nothing in the record to defeat appellant's existing one-half interest in the real estate at the time the separation agreement was entered into. However, appellee may want to raise certain affirmative defense issues, such as the statute of frauds and setoff. Appellant's continuing one-half interest may be impacted by the fact that the alleged agreement wherein Hosler orally forgave appellant's obligation to make mortgage payments may not have satisfied the statute of frauds, in regards to either assuming the debt of another or contracting in reference to an interest in land. See R.C. 1335.04 and 1335.05. Further, even if appellant is entitled to a one-half interest in the property as of the date of death, appellee may wish to seek an offset based on appellant's failure to contribute to the mortgage payments as required by the separation agreement. Interest would certainly be an issue in that regard.
In summation, we are unable to reach the merits of this appeal as the record does not reflect that the parties filed formal stipulations of facts with the trial court. Accordingly, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
O'NEILL, P.J., dissents with Dissenting Opinion, FORD, J., concurs in judgment only.
[1] While the Trumbull County Treasurer was also named as a defendant-appellee to the claim for partition, appellant is not appealing or contesting any interest that the Treasurer may have in the property.
[2] It is possible that the trial court was referring to the following uncontested facts, to-wit: that appellant and Hosler were married, later divorced, and that a separation agreement was adopted as part of the divorce decree. Assuming arguendo that these facts were in some manner stipulated to by the parties, the issue of whether Hosler orally forgave appellant's obligation to make mortgage payments after the divorce remains in dispute. After reviewing both the appellate briefs and the trial briefs, it is certainly not clear that appellee conceded to this particular fact. As a result, we are uncertain as to how the trial court could resolve this factual dispute without conducting an evidentiary proceeding by way of a bench trial.